·CHARLES STERNE

*v.*

SOUTH JERSEY TITLE AND FINANCE COMPANY.

[Submitted May 24th, 1920. Decided May 25th, .1920.]

Where a .check was endorsed by the payee with a restrictive endorsement "for deposit" and was afterwards lost in the mails, the payer should pay the amount thereof to the payee upon render of an indemnity bond without surety, the payee being financially responsible.

On final hearing on bill for relief.

*Mr. D. Truman Stackhouse,* for the complainant.

*Mr. Charles C. Babcock,* for the defendant.

LEAMING, V. C.

This suit is brought by complainant for the recovery of the amount of a bank check given by defendant to complainant and by its terms made payable to the order of complainant.

The jurisdiction of this court obtains by reason of the averment in the bill that the check has been lost.

The bill alleges that when the check was received by complainant he immediately mailed it to the Broadway Trust Company, a banking institution, where complainant had an account, having first endorsed the check by the following restrictive endorsement:· "Broadway Trust Company, for deposit only to the credit of Charles Sterne;" that two days later he learned from the Broadway Trust Company that the check had not been there received and at once notified defendant of the facts and had defendant stop payment of the check at the bank on which it was drawn; that after due investigation the check has not been located.

The present dispute arises wholly by reason of the fact that defendant has been unwilling to pay to complainant the amount for which the check was drawn unless complainant would supply an indemnity bond with a surety, whereas complainant has been unwilling to indemnify defendant against loss other than by his own bond without a surety.

Most of the adjudications touching a defendant's right to indemnity in circumstances of this nature have arisen in relation to promissory notes and bills of exchange; the cases are numerous and conflicting. Cases are to be found to the effect that indemnity will not be required where a lost bill or note, payable to order, has not been endorsed or has been endorsed in a manner to prevent its use by another or has been lost after its maturity or has been destroyed; other authorities adopt the view that even in the several circumstances stated, in which circumstances the maker would have a valid defence to an action by another, the maker should not be put to either the risk or trouble or expense of making such defence where no fault of his own exists, and adequate indemnity should accordingly be exacted in all cases; still other authorities hold that the question of indemnity is addressed to the sound discretion of a court of equity to be exercised according to the circumstances of each case. In *17 R. C. L 1192,* after a review of authorities, it is said: "However, an examination and comparison of the numerous conflicting authorities, and the reasoning which they adduce, make it clear that the best rule is to require the indemnity in all cases, whether a bill or note is lost or destroyed. It may in some cases operate as a great inconvenience, and may even produce hardship, but so does nearly every mischance or misfortune. If an instrument is lost after maturity there is still the possibility that the defendant may be unable to prove this fact as against a person claiming as a *bona fide* purchaser for value, since the time of the indorsement does not usually appear on the instrument. Even though the note had not been indorsed, the defendant may be put to the annoyance and expense of defending a suit. If the instrument was destroyed, proof of its destruction is some assurance that it can never

afterwards appear; but considering the uncertainty and fallibility of all human testimony, it seems unjust to force the maker to take the risk of the reappearance of the instrument, and accordingly by the better authority it is held that indemnity should be exacted in all actions on lost negotiable instruments, even though the instrument was lost after maturity, without indorsement by the payee, or after having been cut in two for transmission through the mails, and even where the instrument was proved to have been destroyed."

In the present case testimony of complainant is entirely convincing to the effect that the check was endorsed by him with the restrictive endorsement set forth in the bill and was promptly mailed for deposit and has been lost in the mail. It is also reasonably clear that complainant is pecuniarily responsible, and since our statute (*3 Comp. Stat. p. 3756 § 186*) provides that a check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of loss caused by the delay, it seems that but little danger of future trouble or annoyance to defendant can exist. The bond of complainant, without a surety, as proffered before suit, will, in my judgment, adequately protect defendant.

At the same time it seems entirely clear that defendant was fully justified, before trial, in exacting a bond with a surety. Until the trial defendant could not know the extent to which the facts alleged in the bill could be established by competent proofs, since none of the facts alleged were within defendant's knowledge. In my judgment defendant was fully privileged to exact the measure of indemnity required by it or put complainant upon proofs of the facts claimed by him.

In this view, I am convinced that defendant should be ordered to pay upon the indemnity bond already tendered by complainant being supplied to defendant, and that neither party should recover taxed costs of the order. I will accordingly advise a decree of that nature.